**S. W. PALMER–BALL, Commissioner, etc., et al., Movants,**

v.

**Honorable Henry MEIGS, Judge, etc., et al., Respondents.**

Court of Appeals of Kentucky.

June 26, 1970.

John D. Darnell, Frankfort, for movants.

Leon J. Shaikun, Frank E. Haddad, Jr., Louisville, for respondents.

MILLIKEN, Judge.

On April 17, 1970, the Alcoholic Beverage Control Board revoked the retail beer and package liquor licenses of Charles Ruark, doing business as "Charlie's Liquors" in Mount Sterling, the revocation to become effective at midnight on April, the thirtieth. On April 23, 1970, the licensee appealed the Board's action to the Franklin Circuit Court and immediately procured ex parte a temporary restraining order restraining the Board from enforcing its license revocations until further orders of the court, on the ground that Ruark would suffer irreparable injury and would have no adequate remedy at law pending the decision of his appeal.

In this original action in this court the Board asks us to prohibit Judge Meigs from "issuing any restraining order or injunctive relief" in the case and for us to mandamus him to dissolve the "Temporary Restraining Order", basing its requests on KRS 243.580(3), part of the Alcoholic Beverage Control Act, which directs in part that, "No court may enjoin the operation of an order of revocation or suspension pending an appeal * * *".

The Board has not alleged that it has moved the respondent, Judge Meigs, to dissolve the restraining order, nor has the licensee, Ruark, moved to convert it into a temporary injunction.

An ex parte restraining order such as the one here remains in effect (unless it specifies to the contrary) until some further action in the proceeding is taken by the parties; it acts as a restraint until the parties have had an opportunity to be heard. See Clay, discussion of CR 65.03 at page 273, where it is said, "If the plaintiff

(Ruark) does not move for a temporary injunction, the restraining order remains in effect until the defendant (Board) makes a move to have it dissolved. The restraining order is automatically dissolved at the time set for hearing on defendant's (Board's) motion to dissolve, without further court action if the plaintiff (Ruark) has not moved for a temporary injunction". Since the restraining order would be automatically dissolved if the Board would so move in the Circuit Court, the Board consequently has a suitable remedy there, and Judge Meigs would have an opportunity to consider the question posed by the statute.

For the reasons stated, the extraordinary relief sought is denied. It is so ordered.

All concur.