**COMMON CAUSE OF KENTUCKY,**
**Movant**

v.

**COMMONWEALTH of Kentucky, Office of the Governor, ex rel. Ernie Fletcher, et al., Respondents.**

No. 2004–CA–001661–I.

Court of Appeals of Kentucky.

Sept. 17, 2004.

Richard V. Beliles, Counsel for Common Cause of Kentucky, Prospect, KY, for movants.

Sheryl G. Snyder, Jason P. Renzelmann, Frost Brown Todd LLC, Louisville, KY, John C. Roach, General Counsel, Office of the Governor, Frankfort, KY, for respondents.

Before DYCHE, JOHNSON, and KNOPF, Judges.

## OPINION AND ORDER

KNOPF, Judge.

The 2004 General Assembly adjourned its regular session without having enacted an omnibus appropriation for the Executive Branch of Kentucky's government. Common Cause of Kentucky, a non-profit, non-partisan association of citizens and taxpayers [1] that seeks, in its own words, "to hold elected leaders accountable to the public interest," contends that the Executive Branch's expenditure of funds in the absence of a legislative appropriation offends our state constitution. It seeks an order prohibiting the State Treasurer from disbursing funds to the Executive Branch. The Franklin Circuit Court denied Common Cause's motion to that end, and Common Cause has sought relief from this Court. Because the order Common Cause has asked us to review is interlocutory and not otherwise reviewable, we are compelled to dismiss the association's request for relief.

When the General Assembly adjourned without providing an appropriation for the Executive Branch, the Attorney General, anticipating the Governor's assertion of emergency spending powers, petitioned the Franklin Circuit Court for a declaration of rights establishing the limits of any such executive authority. Resolution of that petition is currently proceeding in the circuit court.

On June 28, 2004, the Governor promulgated Executive Order 2004–650, in which he declared a state of emergency and asserted authority under sections 69 and 81 of our state constitution "to cause the expenditure from the State Treasury of such available funds as may be necessary for the operation of government and the execution of the laws of the Commonwealth by the Executive Branch." The executive order purports to authorize the Secretary of the Finance and Administration Cabinet to issue warrants "for the payment of all claims as may be made by the Executive Branch of government" under a so-called Public Services Continuation Plan, the Governor's outline of Executive Branch functions during the state of emergency. On June 30, 2004, the Franklin Circuit Court ordered that the Governor's plan be implemented for the first quarter of fiscal year 2004–2005, from July 1 through September 30.

By order entered that same day, June 30, 2004, the circuit court permitted Common Cause's intervention. On August 2, 2004, Common Cause moved for an order prohibiting the State Treasurer, Jonathan Miller, from releasing unappropriated funds to the Executive Branch after September 30, 2004. It captioned its motion as one "for [a] restraining order." The trial court's August 13, 2004, order denying the motion states that the relief sought was "a restraining order," and applies the standard ("immediate and irreparable injury" [2]) against which restraining-order requests are judged. It is from that order that Common Cause has sought review.

■ With exceptions not pertinent here, this Court's authority is limited to the review of circuit court judgments and orders that are final [3] or that are otherwise made reviewable by statute or rule. [4] If the order from which review is sought is

---

1. The association claims a membership of 1,000 Kentuckians.

2. CR 65.03.

3. CR 54.

4. *Hook v. Hook*, Ky., 563 S.W.2d 716 (1978).

not final or otherwise immediately reviewable, then the Court is required, on its own motion if need be, to acknowledge its lack of authority and to dismiss the appeal.[5] Concerned that the order from which Common Cause was seeking relief was not reviewable under CR 65.07, this Court asked the parties to submit a supplemental memorandum on the issue. Having considered the pleadings and the oral arguments of counsel, we are convinced that Common Cause's attempt to seek review under CR 65.07 must be dismissed.

The civil rules provide for both restraining orders and temporary injunctions, and both are warranted to prevent irreparable injury during the pendency of a lawsuit. Restraining orders are typically sought near the commencement of proceedings and may be issued ex parte under certain circumstances.[6] A temporary injunction may be issued only after a hearing and only upon a showing of continuing irreparable injury or other conduct by the adverse party apt to render a final judgment in the suit ineffectual.[7] Orders granting or denying either form of relief are interlocutory and so may not be appealed as final. CR 65.07, however, provides that a party adversely affected by an order granting, denying, modifying, or dissolving a temporary injunction may "move the Court of Appeals for relief." The rules do not provide for appellate relief from the grant or denial of a restraining order.

■ If the trial court's order means what it says and is the denial of a restraining order, then it is not final or otherwise reviewable and thus is not within this Court's authority to review. Common Cause contends, however, that the relief it sought in the trial court was not a restraining order but a temporary injunction. It concedes that in its initial motion it sought a restraining order, but asserts, as the record indicates, that it later attempted to amend that motion to seek an injunction. Unfortunately, the motion to amend referred to and adopted the original caption referring to a restraining order.

The trial court heard arguments on the motion on August 11, 2004, and the parties have represented that they addressed the motion as one for an injunction. Nevertheless, the court did not hear proof, and its order does not include findings of fact and conclusions of law, as are required in an order granting or denying a temporary injunction.[8]

We are aware that the civil rules are intended to facilitate, not to hinder, consideration of a case's merits[9] and that courts may and should see through superficial form to underlying substance.[10] But it is no less true that our substantive rights, even the most fundamental ones, require for their protection and vindication an effective system of procedural rules.[11] We are convinced that, notwithstanding whatever may have been the parties' assumptions about the relief Common Cause sought, the trial court addressed the association's motion as one for a restraining order. Its denial of the motion, in sub-

5. *Hook v. Hook, supra; Francis v. Crounse Corporation,* Ky.App., 98 S.W.3d 62 (2002).

6. CR 65.03.

7. CR 65.04.

8. CR 65.04(5).

9. *Ready v. Jamison,* Ky., 705 S.W.2d 479 (1986).

10. *Cargo Truck Leasing Company v. Piper,* Ky., 394 S.W.2d 472 (1965).

11. *Brown v. Commonwealth,* Ky., 551 S.W.2d 557 (1977).

stance as well as in form, was the denial of a restraining order, not an injunction. If this was not a result Common Cause expected, the burden was on it to seek clarification from the trial court.

Because the denial of a restraining order is neither a final order nor an order that CR 65.07 makes otherwise reviewable, we must, and do hereby, DISMISS Common Cause's CR 65.07 motion.

ALL CONCUR.