**KENTUCKY HIGH SCHOOL ATHLETIC ASSOCIATION,** Movant

v.

**James "Bo" EDWARDS, Respondent.**

**No. 2007–SC–000927–I.**

Supreme Court of Kentucky.

June 19, 2008.

Phillip D. Scott, Theodore R. Martin, Greenebaum, Doll & McDonald, PLLC, Lexington, KY, Counsel for Movant.

Ronald L. Hampton, Gillenwater and Hampton Law Firm, Glasgow, Steven R. Romines, Romines, Weis & Young, P.S.C., Louisville, KY, Counsel for Respondent.

Opinion of the Court by Justice NOBLE.

The Kentucky High School Athletic Association (KHSAA) moves this Court for interlocutory relief under CR 65.09 and asks to be relieved from an order of the Barren Circuit Court granting a temporary injunction. Because the order entered by the Barren Circuit Court was in substance a restraining order, KHSAA improperly sought interlocutory relief.

## I. Background

James "Bo" Edwards was a student athlete at Barren County High School from ninth to eleventh grade. In May 2007, Barren County High's administration found that Edwards violated the school's alcohol policy and as a result declared him ineligible to participate in interscholastic athletics for the following school year. Edwards enrolled at Glasgow High School in June 2007, and subsequently requested that the KHSAA declare him eligible for interscholastic athletics at the school because of the bona-fide-change-in-address exception to the KHSAA Bylaws Transfer Rule based on his family having moved to a new house. The KHSAA denied the request.

Edwards appealed the denial and was given a pair of hearings in August and September of 2007. The hearing officer recommended affirming the KHSAA's initial ruling, finding that while Edwards had established a bona fide address change, he was still ineligible under the Transfer Rule, which states that the bona-fide-

change-in-residence exception is not available where the "student left the sending school under penalty which would have resulted in their ineligibility at the sending school. . . ." The KHSAA subsequently adopted the Hearing Officer's recommendation and declared Edwards ineligible for interscholastic athletics at Glasgow High School for the 2007–2008 school year in an order dated October 22, 2007.

On October 24, 2007, Edwards filed a verified complaint with the Barren Circuit Court seeking judicial review of the KHSAA's decision. He also filed an ex parte motion for a temporary injunction barring enforcement of the decision.[1] The trial court granted the ex parte motion in a document titled "Findings of Fact, Conclusions of Law and Temporary Injunction" entered on October 26, 2007. The KHSAA was served with the verified complaint several days later.

On November 13, 2007, the KHSAA filed a motion for interlocutory relief with the Court of Appeals under CR 65.07. The court denied the motion on December 12, 2007, noting that "[w]hile the findings of fact, conclusions of law and temporary injunction entered by the Barren Circuit Court on October 26, 2007 does not provide sufficient factual findings to permit this Court to adequately review this matter, it is clear that the KHSAA has failed to demonstrate that the circuit court's findings were clearly erroneous or failed to properly balance the equities between the parties."

The KHSAA then filed the current motion for interlocutory relief under CR 65.09 with this Court. In its motion before this Court, the KHSAA argues that it is entitled to relief because of the "special diffi-

---

1. A copy of this motion does not appear in the record before this Court. However, it is referred to in the CR 65.09 motion and re-

sponse and is described as an "ex parte motion for a Temporary Injunction" in the trial judge's subsequent order granting the motion.

culties" presented by student athlete eligibility cases and because the trial court abused its discretion. *See National Collegiate Athletic Ass'n v. Lasege*, 53 S.W.3d 77 (Ky.2001) (holding that interlocutory review by the Supreme Court is appropriate in student athlete eligibility matters where the trial court abuses its discretion).

## II. Analysis

██ Whether to review a ruling on a CR 65.07 motion is entirely discretionary with this Court. CR 65.09(1). Exercise of that discretion turns on whether the movant has shown "extraordinary cause . . . in the motion." *See id.* Ordinarily, this requires an examination of the merits of the controversy to determine whether the trial court abused its discretion. *Cf. Lasege*, 53 S.W.3d at 84 (holding that "extraordinary cause" can be demonstrated by showing that the lower courts abused their discretion in granting or denying an injunction). A review of the motion by the KHSAA, however, renders unnecessary a review of the merits of the controversy because it demonstrates that the petition for interlocutory relief was premature and therefore that this Court is without jurisdiction to reach the merits.

██ The trial court granted the "temporary injunction" ex parte, that is, without notice to KHSAA and a hearing. However, a temporary injunction may only be granted with notice and a hearing. *Common Cause of Kentucky v. Commonwealth*, 143 S.W.3d 634, 636–37 (Ky.App. 2004) ("A temporary injunction may be issued only after a hearing . . . ."); *see also* 7 Kurt A. Phillips, Jr., David V. Kramer & David W. Burleigh, *Kentucky Practice, Rules of Civil Procedure Annotated* Rule 65.04, at 669 (6th ed.2005) [hereinafter Phillips, *Kentucky Practice*] ("A temporary injunction can only be granted on motion after proper notice and a hear-

ing."). The trial court's order, then, was not a temporary injunction. Although the trial court's order refers to the relief it granted as a "temporary injunction," cites the temporary injunction rule, CR 65.04, and includes findings of fact consistent with that rule, its ex parte nature makes it a restraining order as allowed under CR 65.03. *See Common Cause of Kentucky v. Commonwealth*, 143 S.W.3d 634, 636–37 (Ky.App.2004) (holding that substance and form of order made it a restraining order, despite movant's claim that it amended its motion to argue for a temporary injunction).

██ Despite the similarity between restraining orders and temporary injunctions, distinguishing between them is important, and not simply academic, because there is no right to appeal or to seek interlocutory relief from a restraining order, unlike a temporary injunction. *See* CR 65.07(1) (creating a right to seek interlocutory relief *only* for orders related to temporary injunctions); *Common Cause of Kentucky*, 143 S.W.3d at 636 ("The rules do not provide for appellate relief from the grant or denial of a restraining order."); 7 Phillips, *Kentucky Practice* Rule 65.03, at 665 ("There is no right of appeal to the Court of Appeals from an order either granting, denying, modifying, or dissolving a restraining order. Appellate relief may only be sought after the [trial] court has taken action on a motion for a temporary injunction, or has entered a final judgment."). The remedy for a restraining order is a motion for the trial court to dissolve the restraining order, which has the effect of automatically ending the restraining order unless the other side has also moved for a temporary injunction. *See* CR 65.03(5) (dissolving the restraining order automatically upon a hearing to dissolve the order unless a motion for a temporary injunction is pending); *see also*

*Palmer–Ball v. Meigs,* 456 S.W.2d 697, 697–98 (Ky.1970); 7 Phillips, *Kentucky Practice* Rule 65.03, at 663 ("A restraining order operates as an ex parte restraint until the parties have had an opportunity to be heard on the question of interlocutory or permanent injunctive relief. When the party restrained is brought into court, or appears, the restraining order has then served its purpose, and should be extinguished." (footnote omitted)).

Because the Civil Rules make no provision for appeals from restraining orders, the appellate courts lack jurisdiction to address the merits of KHSAA's claim at this time. *Common Cause of Kentucky,* 143 S.W.3d at 636 ("If the trial court's order ... is the [grant or] denial of a restraining order, then it is not final or otherwise reviewable and thus is not within this Court's authority to review."); *cf.* KRS 22A.020(2)("The Court of Appeals has jurisdiction to review interlocutory orders of the Circuit Court in civil cases, but only as authorized by rules promulgated by the Supreme Court.").

 Finally, it should be noted that neither of the parties has objected on the basis of a lack of jurisdiction. This Court, however, is required to address the issue sua sponte if necessary. *See Hook v. Hook,* 563 S.W.2d 716, 717 (Ky.1978) ("Although the question is not raised by the parties or referred to in the briefs, the appellate court should determine for itself whether it is authorized to review the order appealed from.").

For the foregoing reasons, the decision of the Court of Appeals shall be vacated and KHSAA's CR 65.09 motion shall be dismissed by separate order.

All sitting. All concur.