

**NUMBER 13-07-659-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**BALDOMERO DURAN,**                                                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                   **Appellee.**

---

**On appeal from the 214th District Court
of Nueces County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Vela**

After a bench trial, appellant, Baldomero Duran, was found guilty of family violence assault.[1] After receiving evidence of Duran's previous felony conviction for enhancement

---

[1]*See* TEX. PENAL CODE ANN. § 22.01(b)(2) (Vernon Supp. 2008); TEX. FAMILY CODE ANN. § 71.003 (Vernon 2002).

purposes, the trial court sentenced Duran to seven years in prison. On appeal, Duran complains that: 1) the record does not reflect that he executed a written waiver of his right to a jury trial, and 2) the evidence is factually insufficient to support his conviction. We affirm.

## I. BACKGROUND

On October 6, 2006, twelve-year-old P.M.,[2] the daughter of Duran's common-law wife, Gracie Soto, called 911 in Corpus Christi and stated that Duran was "beating my mom." In response to questions by the operator, P.M. stated that Duran was drunk and had hit her mother and had tried to hit her as well. Corpus Christi police officers Marco Benavides and Steven Cox were dispatched to the scene. Upon arrival, the officers found P.M. standing in the driveway, crying. P.M. told officers that Duran and her mother were inside a bedroom in the house. P.M. led the officers inside, and upon approaching the bedroom, Officer Benavides heard Duran telling Soto to "shut up."

Upon entering the bedroom, the officers saw Duran and Soto, who was eight months pregnant, struggling on the bed, with Duran on top of Soto holding a beer in his hand. Officer Benavides told Duran to get up, and Duran responded by saying "get out of my f'ing house." The officers placed Duran under arrest and walked him to a patrol car, during which time Duran told Officer Cox that he was going to "put a case" on him, and elaborated that he did not mean a case in court, but rather a "real live case out on the street." Officer Cox testified that Duran was belligerent; that he could smell alcohol on Duran's breath; and that Duran appeared to be intoxicated.

---

[2]Duran and Soto had a common-law marriage and had six small children together. P.M. was not Duran's biological child.

Officer Benavides interviewed Soto, who had a red, swollen eye and was crying. Benavides testified that Soto was "shaken up" and that he took a written assault statement from her. Soto signed the statement, which was admitted into evidence at trial. In the statement, Soto stated that Duran had hit her on her face and buttocks several times with his hand and his belt, and that this had caused swelling and welts.

At trial, Soto recanted her statement and testified that Duran did not cause her bodily injury on the night her daughter called 911. Soto stated that she and Duran were merely having an "oral argument." She had since signed a non-prosecution affidavit, and testified that she had gone to the district attorney's office several times to attempt to get the charges dropped. On cross-examination, Soto acknowledged that she knew of no reason that the officers would lie in court.

Without objection, the State introduced into evidence a certified copy of a 2005 judgment in which Duran had been convicted of assaulting Soto.

Duran testified that he did not hit Soto on the night of October 6, 2006, and that the two were merely arguing when the police arrived.

## II. ANALYSIS

By his first issue, Duran complains that his "conviction should be reversed because the record does not reflect that [he] executed a written waiver of his right to a jury trial." The record, however, clearly shows that Duran executed a "Waiver of Jury Trial" on September 20, 2007, the day of trial, and the waiver was signed by Duran, his attorney, the prosecutor, and the trial judge. Duran's first issue, therefore, is overruled.

By his second issue, Duran asserts that the evidence is factually insufficient to support his conviction. In reviewing a factual sufficiency claim, we review the evidence in a neutral light rather than the light most favorable to the verdict. *Neal v. State*, 256 S.W.3d

3

264, 275 (Tex. Crim. App. 2008); *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007) (citing *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000)). Evidence is factually insufficient if the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust, or if the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Neal*, 256 S.W.3d at 275; *Roberts*, 220 S.W.3d at 524 (citing *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006)). We do not reverse for factual insufficiency if the greater weight and preponderance of the evidence actually favors conviction. *Neal*, 256 S.W.3d at 275; *Roberts*, 220 S.W.3d at 524 (citing *Watson*, 204 S.W.3d at 417).

In order to prove that Duran committed the offense charged, the State had to prove that he:

1)      intentionally, knowingly, or recklessly;

2)      caused bodily injury;

3)      to Gracie Soto;

4)      who was a member of his family or household as defined by the Texas Family Code; and

5)      Duran had been previously convicted of assault against a member of his family or household as defined by the Texas Family Code.

*See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (Vernon Supp. 2008); *Gomez v. State*, 183 S.W.3d 86, 89 (Tex. App.–Tyler 2005, no pet).

Of these elements, Duran challenges only the factual sufficiency of the evidence to support the element that he caused bodily injury to Soto. Thus, the issue we must determine is whether the evidence adduced at trial supporting this finding is so weak that the verdict is clearly wrong and manifestly unjust or is outweighed by the great weight and

4

preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *See Neal*, 250 S.W.3d at 275. The evidence introduced at trial shows: 1) that Duran and Soto had a common-law marriage and six young children together; 2) that Soto's oldest daughter called 911 to report that Duran was beating Soto; 3) that the daughter stated that Duran was drunk and had hit her mother and had tried to hit her too; 4) that the officers who were dispatched to the residence found Duran and Soto struggling, that Soto was crying and shaking and had a swollen, red eye; 5) that Duran was belligerent, intoxicated and made a threat to the police officer upon arrest; and 6) that Duran had previously been convicted of beating Soto. We cannot say that this evidence is so weak that the verdict is clearly wrong and unjust. Duran's second issue is overruled.

### III. Conclusion

The trial court's judgment is affirmed.


ROSE VELA
Justice


Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 28th day of August, 2008.