

NUMBER 13-09-00507-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE WILLIAMS FARMS PRODUCE, INC.

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion Per Curiam[1]

Relator, Williams Farms Produce, Inc., filed a petition for writ of mandamus and motion for emergency relief in the above cause on September 1, 2009. On September 2, 2009, the Court requested that the real party in interest, R & G Produce Sales, by and through counsel, file responses to relator's motion for emergency relief and petition for writ of mandamus, and such responses have been duly filed.

Mandamus relief is an "extraordinary" remedy. *In re Sw. Bell Tel. Co.*, L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). Stated otherwise, mandamus may be available upon a showing that (1) a trial court clearly abused its discretion by failing to correctly apply the law, and (2) the benefits and detriments of mandamus render appeal inadequate. *See In re Schmitz*, 285 S.W.3d 451, 458 (Tex. 2009) (orig. proceeding).

To satisfy the clear abuse of discretion standard, the relator must show that the trial court could "reasonably have reached only one decision." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (quoting *Walker*, 827 S.W.2d at 840). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Based on the foregoing, relator has failed to meet its burden to provide this Court with a sufficient record to establish its right to relief. *Walker*, 827 S.W.2d at 837; *In re Gallardo*, 269 S.W.3d 643, 645 (Tex. App.–San Antonio 2008, orig. proceeding); *see* Tex. R. App. P. 52.3(k), 52.7(a). With regard to relator's first issue pertaining to the jurisdictional limits of the trial court, relator has failed to establish that it lacks an adequate remedy by appeal. With regard to relator's second and third issues pertaining to discovery rulings, relator has failed to show that the trial court clearly abused its discretion by failing to

correctly apply the law.

Accordingly, the Court, having examined and fully considered the petition for writ of mandamus and motion for emergency relief and the responses thereto, is of the opinion that relator has not shown itself entitled to the relief sought. Accordingly, the petition for writ of mandamus and motion for emergency relief are DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Memorandum Opinion delivered and filed
this 11th day of September, 2009.