RENDERED:  DECEMBER 15, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1083-MR

JARROD MICHAEL WEISS　　　　　　　　　　　　　　　APPELLANT


APPEAL FROM JEFFERSON CIRCUIT COURT
v.　　　　　　HONORABLE MITCH PERRY, JUDGE
ACTION NOS. 14-CR-002387-001 AND 14-CR-002531


COMMONWEALTH OF KENTUCKY　　　　　　　　　　　　APPELLEE


OPINION AND ORDER DISMISSING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Jarrod Michael Weiss appeals from the Jefferson Circuit Court's denial of his Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion for post-conviction relief.  We dismiss the appeal as being from a nonfinal order.

Weiss was found guilty of murder, tampering with physical evidence, and being a persistent felony offender in the second degree.  He was sentenced to thirty years' imprisonment.  Our Supreme Court affirmed on direct appeal.  *Weiss v. Commonwealth*, No. 2016-SC-000183-MR, 2017 WL 5034472 (Ky. Nov. 2,

2017) (unpublished).  Weiss timely filed a *pro se* RCr 11.42 motion.  The trial

court denied the motion without having first held a hearing, but the trial court's

terse order did not resolve all of Weiss's claims.  Specifically, the order did not

address Weiss's ineffective assistance of appellate counsel ("IAAC") claim, nor

did the order contain finality language.  Weiss then filed this appeal.

Weiss raises two issues.  One of them involves whether trial counsel

was ineffective for not subpoenaing a firearms expert.  The trial court addressed

that argument and determined it did not entitle Weiss to relief.  Second, Weiss

argues his counsel on direct appeal was ineffective for not raising as an issue the

Commonwealth having belatedly provided certain DNA results.  Weiss has waived

all the remaining issues contained in his RCr 11.42 motion which he did not

discuss on appeal.  *Commonwealth v. Pollini*, 437 S.W.3d 144, 148 (Ky. 2014).

We must dismiss this appeal as being from a nonfinal order.  The

parties did not raise that issue, but we must nonetheless ensure that we have

jurisdiction before proceeding.  *Wilson v. Russell*, 162 S.W.3d 911, 913 (Ky. 2005)

("However, even though not raised, jurisdiction may not be waived, and it can not

[sic] be conferred by consent of the parties.  This [C]ourt must determine for itself

whether it has jurisdiction.") (internal quotation marks and citations omitted).

"Generally, our appellate jurisdiction is restricted to final judgments."  *Steffan v.

Smyzer by and through Rankins*, 540 S.W.3d 387, 390 (Ky. App. 2018).

Kentucky Rule of Civil Procedure ("CR") 54.01 defines a final and appealable judgment as "a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." Even though this is a criminal law case, CR 54.01 applies. *See, e.g.*, *Dillard v. Commonwealth*, 475 S.W.3d 594, 596 (Ky. 2015) ("In both civil and criminal matters, finality is assessed under CR 54.01 . . . ."); *Commonwealth v. Taylor*, 945 S.W.2d 420, 422 (Ky. 1997) ("CR 54.01, applicable to criminal actions pursuant to RCr 13.04, defines a final or appealable judgment as 'a final order adjudicating all the rights of all the parties in an action or proceeding.'"). *See also* RCr 13.04 (providing that "[t]he Rules of Civil Procedure shall be applicable in criminal proceedings to the extent not superseded by or inconsistent with these Rules of Criminal Procedure.").

The order from which Weiss appealed is not inherently final and appealable under CR 54.01 because it did not resolve *all* of Weiss's claims for relief. Specifically relevant here, the order did not address his IAAC claim(s) and so it did not resolve "all the rights of all the parties . . . ."

Moreover, the trial court did not attempt to make the otherwise interlocutory order final and appealable under CR 54.02. That rule generally allows a trial court to make an order conclusively resolving a portion of a case involving multiple parties or claims final and appealable by adding two clauses: 1) the order is final; and 2) there is no just cause for delay. "Strict compliance" with

CR 54.02 is mandatory, so "[a] trial court's failure to conclude both recitations in a judgment renders it interlocutory and nonappealable." *Vorherr v. Coldiron*, 525 S.W.3d 532, 540 (Ky. App. 2017). Here, the order contains neither recitation.

In sum, the order at issue is not final. Consequently, though we regret the additional delay it will cause, we must dismiss this appeal. *Common Cause of Kentucky v. Commonwealth*, 143 S.W.3d 634, 635-36 (Ky. App. 2004) ("If the order from which review is sought is not final or otherwise immediately reviewable, then the Court is required, on its own motion if need be, to acknowledge its lack of authority and to dismiss the appeal.").

Where an underlying order appears to lack finality, we must raise the jurisdictional issue *sua sponte*. Since the order challenged by Weiss is not final and appealable, this appeal must be, and is hereby, **dismissed**.

ALL CONCUR.

ENTERED: _December 15, 2023_      _____
                                        JUDGE, COURT OF APPEALS

-4-

BRIEFS FOR APPELLANT: BRIEF FOR APPELLEE:

David L. Stewart Daniel Cameron
La Grange, Kentucky Attorney General of Kentucky

 Thomas A. Van De Rostyne
 Assistant Attorney General
 Frankfort, Kentucky