COMMONWEALTH HEALTH CORPO-
RATION and the Medical Center at
Bowling Green, Appellants,

v.

Donna CROSLIN, Phillip Croslin and
Donna Croslin As Next Friend and Par-
ent of Courtney Nicole Croslin, Michael
E. Caudill and William S. Haynes, Jr.,
Appellees.

No. 95–SC–319–DG.

Supreme Court of Kentucky.

April 25, 1996.

Murry A. Raines, Regina Abrams, Bowling Green, for Appellants.

Jeffrey C. Swann, William C. Pool, Louisville, for Healthcare Recoveries, Inc.

Susan S. Durant, Shelby C. Kinkead, Jr., Lexington, for Amicus Curiae Southeastern Group, Inc., d/b/a Blue Cross Blue Shield of Kentucky and Southeastern.

Roy Kimberly Snell, LaGrange, for Amicus Curiae Kentucky Academy of Trial Attorneys.

Michael E. Caudill, William S. Haynes, .Bowling Green, for Appellees.

STEPHENS, Chief Justice.

Appellee, Donna Croslin, was seriously injured in a two car collision in which the second driver was killed. At the time of the accident she was employed by The Medical Center at Bowling Green, a subsidiary of Commonwealth Health Corporation [hereinafter CHC]. CHC provided a health insurance plan which was enacted pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001, [hereinafter ERISA]. The insurance plan paid approximately $120,-000 on behalf of Croslin. The plan contained a subrogation provision which required reimbursement of those payments if Croslin made any recovery from the legally responsible party.

Croslin filed a complaint in Warren Circuit Court naming the estate of the deceased

driver and his employer as defendants. Less than one month later, CHC filed a motion to intervene in the action specifically seeking subrogation of the approximately $120,000 paid on behalf of Croslin. Subsequently, CHC settled separately with the defendants for $83,000. When Croslin learned of the settlement, counsel filed an Assertion of Attorney's Lien pursuant to KRS 376.460 and KRS 304.39–070, seeking to recover attorney's fees and court costs.

The trial court passed on this motion pending the outcome of the underlying litigation between Croslin and the named defendants. Croslin settled her claim with the defendants shortly after trial began. The trial court, after conducting a hearing on the issue of attorney fees and court costs, awarded attorney's fees in the amount of twenty-five percent (25%) of the settlement sum received by CHC and required CHC to pay one-half of the court costs. The award was based upon a finding that appellees Caudill and Haynes, attorneys for Croslin, had performed work that greatly benefitted CHC by establishing liability, reasonable medical expenses and causation in the underlying litigation. The trial court found that "the doctrines of implied contract and quantum meruit mandate that CHC reimburse" appellees for court costs. The award of attorney fees was based upon provisions of the Motor Vehicle Reparations Act.

■ CHC appealed the trial court award to the Court of Appeals. The Court of Appeals affirmed the trial court's award of fees and costs but disagreed on the reasoning. At both the trial court and in the Court of Appeals, CHC had argued, among other things, that ERISA preempted the state claim for fees. The Court of Appeals, after the parties filed their initial briefs, raised, *sua sponte,* the question of whether the state court had subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e). Appellants, in their supplemental brief, conceded subject matter jurisdiction. Appellees addressed only the question of preemption under 29 U.S.C. § 1144. After careful review of the pertinent statutes, we conclude that ERISA, 29 U.S.C. § 1132(e), vests exclusive jurisdiction of this matter in the federal courts.

■ As an initial matter, it is important to note that defects in subject matter jurisdiction may be raised by the parties or the court at any time and cannot be waived. *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). Further, we are aware of the general principle that state courts have jurisdiction over cases arising under federal law "absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state court adjudication." *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 478, 101 S.Ct. 2870, 2875, 69 L.Ed.2d 784 (1981). It is well understood that "Congress, however, may confine jurisdiction to the federal courts either explicitly or implicitly." *Id.* at 479, 101 S.Ct. at 2876. Congress has explicitly confined jurisdiction over the above-styled action in 29 U.S.C. § 1132(e). Section 1132(e)(1) states:

> Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

There is no question that this case does not fall within the exception defined in "subsection (a)(1)(B)." It is equally clear that the outcome of this action depends upon an interpretation of the employee benefit plan which is subject to ERISA. Therefore, the above styled action is a "civil action brought under this subchapter."

Appellant maintains that § 1132(e) does not apply because CHC does not qualify as a participant, beneficiary or fiduciary as required by the statute. We agree that appellant does not qualify as any of the above named entities, however, they are not the only parties to this action. It is a matter of record that the attorney's lien filed against CHC bears Donna Croslin's name, as does the instant case. Further, it is uncontested that Donna Croslin was a participant in the employee benefit plan offered by CHC. Thus this action was "brought by ... a par-

ticipant" as required by § 1132(e). This action falls squarely within the mandate of § 1132(e) for exclusive jurisdiction in the federal court.

It is understood that if a court does not have subject matter jurisdiction, the court has no "power to do anything at all." *Duncan v. O'Nan*, Ky., 451 S.W.2d 626, 631 (1970). Therefore, the trial court order awarding attorney's fees and costs is void. Utilizing our inherent power to do so, we order this case dismissed, *sua sponte*, for lack of subject matter jurisdiction. *See, Storer Communications v. Oldham County*, Ky.App., 850 S.W.2d 340 (1993).

For the foregoing reasons, we reverse the Court of Appeals and remand this case to the trial court with directions to enter a judgment which is consistent with this opinion.

All concur.

BAKER, J., not sitting.