**COMMONWEALTH of Kentucky, Appellant,**

v.

**Tommy Reed TAYLOR, Appellee.**

**No. 95–SC–970–MR.**

Supreme Court of Kentucky.

March 27, 1997.

Rehearing Denied June 19, 1997.

---

Special Assistant Attorney General, Lexington, for Appellant.

V. Gene Lewter, Fayette County Legal Aid, Inc., Herbert T. West, Lexington, for Appellee.

## MEMORANDUM OPINION
## OF THE COURT

The Commonwealth appeals from the trial court's order granting probation to the appellee who was convicted by a jury of sodomy in the first degree and sexual abuse in the first degree. Having considered the record and briefs of the parties, we reverse.

Tommy Reed Taylor, appellee, was convicted by a jury on January 31, 1994, of sodomy in the first degree (KRS 510.070) and sexual abuse in the first degree (KRS 510.110) in the Fayette Circuit Court and sentenced to twenty (20) years.[1] Tommy was fifteen (15) and seventeen (17) years old at the time of the offenses, and the victim, his younger sister, was four (4) and six (6) years old.

Tommy's formal sentencing was continued from an original date in March of 1994 until July 22, 1994. The court delayed sentencing until the effective date of newly passed legislation dealing with juvenile offenders. At the sentencing hearing, the trial judge declared Tommy to be a "juvenile sexual offender" and committed him to the Cabinet for Human Resources until his twenty-first birthday.[2] He was ordered to be returned to the sentencing court pursuant to KRS 635.515(1) when he reached the age of twenty-one years.

When Tommy was returned to the trial court on October 20, 1995, the court noted his excellent performance in the sexual offender program and granted probation over the Commonwealth's objection.

The Commonwealth argues that Tommy is barred from probation by KRS 532.045(2) which provides as follows:

A.B. Chandler, III, Attorney General, Gregory C. Fuchs, Assistant Attorney General, Criminal Appellate Division, Office of Attorney General, Frankfort, Joseph T. Bouvier, Assistant Commonwealth's Attorney,

1. Appellee's conviction was affirmed by this Court on appeal (94–SC–714–MR).

2. Tommy was under the age of eighteen (18) years when he committed the crimes, but at the time of his conviction was older than eighteen (18) years of age.

Notwithstanding other provisions of applicable law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within the provision of this section be stricken for a person convicted of violating KRS 510.040, 510.050, *510.070,* 510.080, 529.030 to 529.050, 529.070, 530.020, 531.310, 531.320, 531.370, or criminal attempt to commit any of these offenses under KRS 506.010, and, who meets one (1) or more of the following criteria:

. . . .

(h) A person who in committing any of the offenses enumerated in this subsection has substantial sexual conduct with a *minor under the age of fourteen (14) years;* or

(i) A person who occupies a *position of special trust* and commits an act of substantial sexual conduct.

(Emphasis added).

"Position of special trust" is defined in KRS 532.045(1)(b) as a position occupied by a person in a "position of authority" which is defined in (1)(a) as, *inter alia,* a relative or household member. Consequently, the Commonwealth argues, Tommy is barred from probation because: (1) he is a relative of the victim; (2) he is a member of the same household; and (3) the victim was under the age of fourteen (14) years.

The Commonwealth also argues that while KRS 640.040 exempts youthful offenders from the limitations of KRS 532.080 (persistent felony offender sentencing) and KRS 533.060 (use of firearms, commission of felonies while on probation, parole, awaiting trial, etc.), it does not exempt the youthful offender from the above provisions of KRS 532.045.

■ Tommy counters with two arguments. First, he submits that the Commonwealth cannot appeal the issue of probation at this juncture due to its failure to raise the issue at the initial sentencing hearing of July 22, 1994. At that time, the trial court informed all parties that, depending upon Tommy's performance in the sexual offender treatment program, he would either be released on probation or remanded to prison to serve the balance of his sentence. Having failed to object or appeal the probation comments of the trial court, Tommy urges that the procedure outlined at the first sentencing hearing has become the "law of the case" and "res judicata."

The Commonwealth responds that the mere fact the trial judge mentioned that it might consider probation in the future does not put the matter in issue. It contends that it could not appeal from an order which did not finally adjudicate the issue. We agree.

■ CR 54.01, applicable to criminal actions pursuant to RCr 13.04, defines a final or appealable judgment as "a final order adjudicating all the rights of all the parties in an action or proceeding." Thus, the fundamental rule is that for an order to be final and appealable, it must adjudicate all claims of the parties at the time the order was entered. *Commonwealth v. Hicks,* Ky., 869 S.W.2d 35 (1994); *Security Federal Savings & Loan Association of Mayfield v. Nesler,* Ky., 697 S.W.2d 136 (1985). It is clear that the trial judge did not rule on the issue of probation at the July 22 hearing.

■ It is no less fundamental that "res judicata" cannot apply to issues which are not ruled on or are reserved by the court for future determination. *Stowe v. Briggs,* Ky., 451 S.W.2d 152 (1970); *Asher v. G.F. Stearns Land & Lumber Company,* 241 Ky. 292, 43 S.W.2d 1012 (1931). Although the Commonwealth might have prevented the appellee's confusion by voicing an objection in July of 1994, we cannot say that it is now precluded from raising the issue once the finality of the court's ruling is real.

■ Tommy next argues that "the juvenile sexual offender statute does not prohibit probation and KRS 532.045(2) does not apply." He bases this assertion on the proposition that KRS 532.045 applies only to *adult* defendants from a selective reference to the term "*adult* role model" contained in *Owsley v. Commonwealth,* Ky.App., 743 S.W.2d 408, 410 (1988). We are not persuaded by Tommy's interpretation and note that the persons referred to in the statute as occupying a "position of special trust," according to *Ows-*

*ley,* "include relatives, teachers, coaches, counsellors and others." Tommy fits the class.

■ Tommy also argues that he is exempt from the prohibition of probation contained in KRS 532.045(2) due to his status as a youthful offender. However, as the Commonwealth correctly asserts, KRS 640.030 makes the prohibition applicable. At the time of Tommy's sentencing, that statute provided in pertinent part as follows:

**640.030 Sentencing after conviction or plea of guilty**

A *youthful offender,* if he is convicted of, or pleads guilty to, a felony offense in Circuit Court, *shall be subject to the same type of sentencing procedures and duration of sentence, including probation and conditional discharge, as an adult* convicted of a felony offense, except that:

. . . .

(4) A youthful offender who is a sexual offender as defined by KRS 197.410(1) shall be provided a sexual offender treatment program as mandated by KRS 439.340(10) by the cabinet for human resources [3] pursuant to KRS 635.500 if the youthful offender has not been transferred to the Department of Corrections pursuant to KRS 640.070.

(Emphasis added).

Tommy contends that "sentencing procedures" do not equate to prohibitions of probation. We believe this argument to be without merit and contrary to the specific language of the statute which mandates that the youthful offender, after conviction of a felony in circuit court, shall be subject to the same sentencing procedures as an adult, including probation. The fact that the trial judge remanded Tommy to a sexual offender treatment program as mandated by KRS 439.340(10) by the Cabinet for Human Resources was merely compliance with KRS 640.030(4) as set out above.

■ Finally, we find Tommy's argument that the legislature "made a simple mistake" by failing in KRS 640.040(3) to except youth-

ful offenders from the prohibitions of KRS 532.045 to be disingenuous. KRS 640.040 is a clear legislative pronouncement that youthful offenders shall not be subject to certain dispositions. To suggest that this Court rewrite the statute to include a matter not contained therein is contrary to longstanding precedent. As the Court stated in *Hatchett v. City of Glasgow,* Ky., 340 S.W.2d 248 (1960):

> The courts may supply clerical or grammatical omissions in obscure phrases or language of a statute in order to give effect to the intention of the Legislature, presumed or ascertainable from the context, or to rescue the act from an absurdity. *City of Owensboro v. Noffsinger,* Ky., 280 S.W.2d 517. But where a statute on its face is intelligible, the courts are not at liberty to supply words or insert something or make additions which amount, as sometimes stated, to providing for a *casus omissus,* or cure an omission, however just or desirable it might be to supply an omitted provision. It makes no difference that it appears the omission was mere oversight. (Citations omitted).

*Hatchett,* 340 S.W.2d at 251.

We hold that the appellee was barred from consideration for probation pursuant to KRS 532.045(2). Consequently, we reverse the judgment of the Fayette Circuit Court and remand this action for proceedings consistent with this opinion.

All concur.

───────

**3.** KRS 640.030(4) was amended effective July 1, 1997, deleting reference to the "cabinet for human resources" and replacing it with the "Department of Juvenile Justice." All other provisions remain intact.