·Tammy DILLARD, Appellant

v.

COMMONWEALTH of Kentucky, Appellee

2013–SC–000425–DG

Supreme Court of Kentucky.

RENDERED: DECEMBER 17, 2015

Counsel for Appellant: Daniel T. Goyette, Louisville Metro Public Defender, Bruce P. Hackett, Chief Appellate Public Defender, James David Niehaus, Deputy Appellate Defender.

Counsel for Appellee: Jack Conway, Attorney General of Kentucky, Michael J. O'Connell, Jefferson County Attorney, David A. Sexton, Assistant Jefferson County Attorney.

## OPINION OF THE COURT BY JUSTICE ABRAMSON

Appellant Tammy Dillard entered a conditional guilty plea to Failure of Owner to Maintain Required Insurance/Security and received a two year sentence, conditionally discharged, with "restitution to be determined." The restitution issue arose when Dillard, while driving her uninsured vehicle, collided with another vehicle, allegedly causing $3,600 in damages. Before the Jefferson District Court conducted the restitution hearing, Dillard appealed to the circuit court, which dismissed the appeal because there was no "final action" from the district court as required to invoke the circuit court's appellate jurisdiction under Kentucky Revised Statute (KRS) 23A.080(1). On discretionary review, the Court of Appeals affirmed and, on discretionary review, this Court also affirms the lower courts' holdings with regard to lack of appellate jurisdiction in this matter. Although both Dillard and the Commonwealth are interested in securing a ruling on whether restitution is statutorily available given the facts of this case, that issue is not properly before us and we decline to issue an advisory opinion. This case illustrates the wisdom of Kentucky statutes and rules that premise an appeal to a higher court on the existence of a final order or action from the court below. Finality of a district court's judgment is not only a prerequisite to invoking the circuit court's appellate jurisdiction, it assures the availability of a complete record, allowing for more complete and efficient appellate review of all issues including those that one or both parties may view as purely legal.

### RELEVANT FACTS

Dillard was involved in a multi-vehicle collision in Jefferson County when her vehicle collided with the rear-end of a vehicle owned by Sarah Halk who, in turn, collided with a vehicle in front of her owned by Myra Napper. Although Napper had uninsured motorist coverage and sought no restitution, Halk did not have such coverage, and the Commonwealth sought restitution on her behalf. Dillard entered a conditional guilty plea pursuant to Kentucky Rule of Criminal Procedure (RCr) 8.09 to the charged offense of Failure of Owner to Maintain Required Insurance (KRS 304.99–060). Prior to the plea, the district court heard oral arguments on the issue of whether restitution would be available under the facts of the case and, having concluded that restitution was possible, indicated the intent to conduct a hearing. The restitution hearing was stayed, however, when Dillard appealed to the Jefferson Circuit Court.

■ On appeal, the circuit court concluded the order appealed from was not a final judgment of conviction under RCr 11.04(1) and thus was neither a final judgment for purposes of Kentucky Rule of

Civil Procedure (CR) 54.01[1] nor a final action of the district court as required by KRS 23A.080 in any case where the circuit court's appellate jurisdiction is invoked. The circuit court dismissed for lack of appellate jurisdiction and reiterated its reasoning when it denied a motion for reconsideration, noting that "the Commonwealth's non-objection notwithstanding" there was no final and appealable order. The Court of Appeals affirmed the circuit court's dismissal but, like the circuit court, shared its thoughts or "guidance" on the availability of restitution for a violation of KRS 304.99–060. This Court granted discretionary review and affirms the orders of the circuit court and the Court of Appeals as to the lack of appellate jurisdiction in this case.

### ANALYSIS

◼ As we recently observed, "[j]urisdiction is a threshold consideration for any court at any level of the Kentucky court system." *Commonwealth v. Farmer*, 423 S.W.3d 690, 692 (Ky.2014). Circuit courts are primarily courts of original jurisdiction but Section 112(5) of the Kentucky Constitution grants circuit courts "such appellate jurisdiction as may be provided by law." In turn, KRS 23A.080(1) provides: "A direct appeal may be taken from District Court to Circuit Court from any final action of the District Court." When confronted with an appeal from district court, the circuit court must determine, as the Jefferson Circuit Court properly did here, whether a "final" action has been appealed. *Tipton v. Commonwealth*, 770 S.W.2d 239, 241 (Ky.App.1989) abrogated on other grounds by Hoskins v. Maricle, 150 S.W.3d 1 (Ky.2004) ("The phrase 'final action' is not so limited as 'final order,' 'final

decision' or 'final judgment.' . . . [T]he legislature did not intend anything significant by the word 'action' instead of 'judgment' or its equivalent. The emphasis is on the word 'final.' "). In both civil and criminal matters, finality is assessed under CR 54.01 which states in pertinent part: "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding . . . ." Here, the judgment appealed from was manifestly not final because on its face it states "restitution *to be determined*" (emphasis supplied).

◼ Despite the fact that there was more to be done in the district court, *i.e.*, a hearing and determination regarding restitution, Dillard and the Commonwealth deemed an immediate appeal viable under KRS 533.020 and RCr 8.09. Neither the statute nor the criminal rule provides a means for securing the sort of appellate determination that the parties seek.

KRS 533.020(3) provides that a convicted person not sentenced to imprisonment may be sentenced to "conditional discharge" subject to the conditions expressly set by the court. To allow the sentencing court significant flexibility as it oversees a defendant on conditional discharge, the legislature provided that after issuance of the judgment the court "may modify or enlarge the conditions" or even "revoke" the sentence if the defendant commits an additional offense or violates a condition of the discharge. *Id.* The period of conditional discharge is initially set by the court but it may be "extended or shortened by duly entered court order." KRS 533.020(4). Despite the fact that a conditional discharge sentence "can subsequent-

---

1. Pursuant to RCr 13.04, the Rules of Civil Procedure are applicable in criminal proceedings "to the extent not superseded by or inconsistent with these Rules of Criminal Procedure." CR 54.01 is applicable in criminal proceedings. *Commonwealth v. Taylor*, 945 S.W.2d 420, 422 (Ky.1997).

ly be modified or revoked, a judgment which includes such a sentence shall constitute a final judgment for purposes of appeal." KRS 533.020(5). As the Kentucky Crime Commission/Legislative Research Commission Commentary notes, this last subsection was intended "to provide for appeal of a conviction which is unaccompanied by imprisonment."

In *Jones v. Commonwealth*, 382 S.W.3d 22, 28 (Ky.2011), this Court recognized that restitution imposed under a statutory scheme following a criminal conviction constitutes part of the criminal sentence. Indeed, KRS 532.032 provides that if a defendant is granted conditional discharge then restitution to victims "shall be a condition of the sentence," a requirement reiterated and elaborated upon in KRS 533.030(3). An order of restitution must identify the person to whom restitution is owed, set the amount to be paid, and set the amount and frequency of restitution payments or require a lump sum payment. KRS 532.033. The district court order at issue did none of these things but instead plainly stated "restitution to be determined." The language of KRS 533.020(5) regarding the appealability of a conditional discharge sentence does nothing to render an order that leaves matters "to be determined" final and appealable. Subsection (5) provides for appealability of a conviction where the final judgment is one of conditional discharge because the period of discharge may be lengthened or shortened based on post-judgment events or the conditions may be modified based on post-judgment events, meaning there is some potential for change in the final judgment's terms due to the nature of a conditionally discharged sentence. Here, the *initial* judgment was never finalized as to restitution: after a restitution hearing, Dillard may have been ordered to pay restitution (or not) but the availability of restitution in her particular case turns not only on the statute's reach but also the facts presented at the hearing.

Dillard supplements her reliance on KRS 533.020(5) with reference to the conditional plea rule, RCr 8.09, and the fact that the parties specifically reserved the issue of restitution at the time of her plea. Our rule states in pertinent part: "With the approval of the court a defendant may enter a conditional plea of guilty, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified trial or pretrial motion." On its face, RCr 8.09 requires a "judgment" and, as discussed above, a judgment cannot be appealed unless it is "final." Our case law under RCr 8.09 is consistent with this principle, with all of the cases arising thereunder involving an appeal of a final judgment entered after an issue (or issues), typically a discrete pretrial motion such as a suppression motion, was resolved adversely to the defendant. *See, e.g., Dickerson v. Commonwealth*, 278 S.W.3d 145 (Ky.2009) (motions for speedy trial and to dismiss based on prosecutorial vindictiveness); *Helphenstine v. Commonwealth*, 423 S.W.3d 708 (2014) (motions to suppress evidence seized from home and results of lab testing on items seized); *Lovett v. Commonwealth*, 103 S.W.3d 72 (Ky.2003) (motion to suppress evidence obtained from execution of search warrant, motion for protective order regarding videotaped deposition and motion to have methamphetamine manufacturing statute deemed unconstitutional); *Edmonds v. Commonwealth*, 189 S.W.3d 558 (Ky.2006) (motion to sever charges and motion to continue trial due to medical treatment); *Buster v. Commonwealth*, 364 S.W.3d 157 (Ky.2012) (motion to suppress written confession); *Commonwealth v. Taber*, 941 S.W.2d 463 (Ky.1997) (motion to dismiss indictment on double jeopardy and criminal rule grounds and motion for speedy

trial); *Baraka v. Commonwealth,* 194 S.W.3d 313 (Ky.2006) (motion to suppress opinion of Commonwealth's expert medical witness on *Daubert* grounds); *Gabbard v. Commonwealth,* 887 S.W.2d 547 (Ky.1994) (motion to dismiss on grounds of incompetency to stand trial).

Some conditional guilty plea appeals do reserve issues pertaining to sentencing but the common thread in all of those cases is a final judgment which incorporates or is premised on a determination of the challenged sentencing issue in a manner adverse to the defendant. Thus, in *Ware v. Commonwealth,* 47 S.W.3d 333 (Ky.2001), the defendant reserved the issue of whether his two prior convictions in North Carolina qualified as "previous felony convictions" under KRS 532.080(3). Prior to appeal, Ware had been finally sentenced to five years imprisonment, enhanced to ten years because of his persistent felony offender (PFO) status, premised on the challenged out-of-state convictions. *Id.* Similarly, in *Howard v. Commonwealth,* 777 S.W.2d 888 (Ky.1989), the defendant challenged the "splitting" of a prior indictment by the Commonwealth so that two felony counts could be used to establish his PFO status and the misdemeanor count could be used for a trafficking in controlled substances, subsequent offender, conviction. The trial court had accepted Howard's conditional plea and had sentenced him in a manner that allowed the challenged splitting of a prior indictment. *Id.* In the same vein, in *Moore v. Commonwealth,* 990 S.W.2d 618 (Ky.1999), the defendant was sentenced to consecutive prison terms pursuant to KRS 533.060(3), which mandates consecutive sentences if a second offense is committed while the defendant is "awaiting trial" on an earlier offense. Moore's conditional guilty plea reserved the issue of the applicability of the "awaiting trial" statute to him, given that he had been indicted, but not arraigned, on the first

offense at the time he committed the second offense. *Id.*

By contrast, Dillard has not been finally sentenced to pay restitution to anyone, in any amount or pursuant to any particular payment schedule. *See* KRS 532.033. The district court indicated a willingness to consider restitution by stating "restitution to be determined" in the judgment, and, realistically, it appears that the court considered restitution to be available to a person whose vehicle is damaged by a defendant operating a vehicle in violation of KRS 304.39–080. Somewhat understandably, the parties would like an opinion from a higher court on whether the district court is correctly reading the statutes in concluding that restitution can be ordered after a hearing in this case. And rare is the trial judge who has not wished for the opportunity to "phone a higher court" for guidance on a troubling issue of statutory construction. But difficult statutory issues are tackled routinely by our trial courts and the construction they decide upon is acted upon, carried out if you will, eventually resulting in a final and appealable judgment that frames the issue in context for the appellate courts. As this case illustrates, the appellate courts' (be it the circuit court, the Court of Appeals or this Court's) insistence on finality is not simply the product of a punctilious attention to the statutes and our rules but reflective of a practical concern for the efficient use of judicial resources and the avoidance of time-consuming, piecemeal appeals.

Dillard argues that failing to maintain the required insurance on a vehicle is a victimless crime (or alternatively, only the Commonwealth is the victim) and that, based on the statutory language, she cannot be held responsible for restitution to anyone whose property was damaged while she was operating the uninsured vehicle. But she further argues that a resti-

tution hearing in these circumstances creates "an impossible situation" in which district court dockets will be clogged due to lengthy, complex hearings better placed in circuit court; the standard of proof is unclear; the type of causation proof needed will unduly burden police departments; the issue of apportionment will arise, confounding resolution of the amount of restitution; and prosecutors and criminal defense attorneys will be ill-equipped to deal with valuation issues better left to insurance companies. Given all of these practical difficulties, Dillard maintains it is all the more evident that the legislature did not intend for restitution to be available in this scenario. Whether any of these concerns would readily manifest itself in the course of a restitution hearing is a question that cannot be answered on this record because, of course, the hearing never occurred. A final judgment, with nothing having been left undone in the lower court, avoids consideration of these (and perhaps other) concerns in the abstract and provides concrete evidence of how a trial court's particular construction of the law would work in actual practice not simply in theory.

So aside from the absence of any clear procedural basis for the appeal of a nonfinal district court order in these circumstances and the insurmountable appellate jurisdictional hurdle in KRS 23A.080, there are legitimate practical reasons for declining to address the substantive issue regarding restitution. If, on remand, the district court deems restitution appropriate and enters a restitution order against Dillard, there will be a final and appealable judgment for the circuit court and higher courts to address should either party decide to appeal. That appeal would allow review of not only the statutory construction issue but also specific issues arising as a result of the restitution hearing and ensuing findings.

▇ Because neither lower court nor either party references this Court's opinion in *Jones v. Commonwealth*, 382 S.W.3d at 22, when discussing the parameters of a restitution hearing, we note that the minimal constitutional due process requirements are addressed therein. Specifically, a defendant is entitled to an adversarial hearing that includes the following protections:

● reasonable notice to the defendant in advance of the sentencing hearing of the amount of restitution claimed and of the nature of the expenses for which restitution is claimed; and

● a hearing before a disinterested and impartial judge that includes a reasonable opportunity for the defendant, with assistance of counsel, to examine the evidence or other information presented in support of an order of restitution; and

● a reasonable opportunity for the defendant with assistance of counsel to present evidence or other information to rebut the claim of restitution and the amount thereof; and

● the burden shall be upon the Commonwealth to establish the validity of the claim for restitution and the amount of restitution by a preponderance of the evidence, and findings with regard to the imposition of restitution must be supported by substantial evidence.

*Id.* at 32.

### CONCLUSION

For the reasons stated, we affirm the Court of Appeals' opinion affirming the circuit court's dismissal of this appeal as having been taken from a nonfinal order. The Jefferson Circuit Court was correct in holding that its appellate jurisdiction was not properly invoked under the plain language of KRS 23A.080.

600

Minton, C.J.; Cunningham, Keller, Noble, and Venters, JJ., sitting. All concur. Wright, J., not sitting.