RENDERED:  DECEMBER 23, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0892-DG

JOSHUA BANISTER                                          APPELLANT

ON DISCRETIONARY REVIEW FROM MEADE CIRCUIT COURT
v.                    HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 19-XX-00001

COMMONWEALTH OF KENTUCKY                                 APPELLEE

OPINION
AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

TAYLOR, JUDGE:  By order entered August 21, 2019, a motion panel of the

Court of Appeals granted Joshua Banister's Motion for Discretionary Review of a

May 20, 2019, Opinion of the Meade Circuit Court.[1]  In that opinion, the circuit court affirmed an order of the Meade District Court that denied Banister's motion to suppress.  In his notice of appeal to the circuit court, Banister stated that he was appealing from a Meade District Court "conviction" dated January 2, 2019, entered upon a conditional guilty plea and a November 26, 2018, Order entered by the district court that denied Banister's motion to suppress.  The only order attached to the notice of appeal was the November 26, 2018, Order.[2]  For the reasons stated, we dismiss this appeal.

The record on appeal reflects that the district court denied Banister's motion to suppress by Order entered November 26, 2018, and that Banister signed a conditional guilty plea in open court on January 2, 2019.  However, the January 2, 2019, conditional guilty plea document was not signed by the district court judge and sentencing was actually deferred, pending the outcome of the appeal.  The plea document is not a judgment.  We have scoured the record and thoroughly reviewed the hearing video record for the January 2, 2019, hearing.  The district court made

[1] When presented with a motion for discretionary review, a motion panel of this Court reviews same and does not have the benefit or ability to review the record below in contrast to this merits panel, which has access to the entire record on appeal from the district court and circuit court.
[2] A notice of appeal must identify the final order or judgment being appealed and naming an interlocutory order is not sufficient to invoke appellate jurisdiction. *Cassetty v. Commonwealth*, 495 S.W.3d 129, 132 (Ky. 2016).

-2-

no finding or adjudication of guilt.  In other words, the record is devoid of a written final judgment entered upon Banister's guilty plea.

By Show Cause Order entered September 9, 2020, this Court ordered Banister to show cause why this appeal should not be dismissed for being taken from a nonfinal and interlocutory order of the Meade District Court.  Banister timely filed a response on September 25, 2020.  Attached to the response was a calendar sheet from the district court with the words "'Conditional Plea' Guilty . . . Cont. Sentencing 90 days 4/10/19 for review."  The calendar sheet was not entered by the clerk or made part of the record on appeal before this Court.  Additionally, Banister tendered an "Order of Probation/Conditional Discharge" which was signed by the district judge, but whose signature had been marked through with a large white-out "X," and was also not part of the record on appeal.  Banister argues that the calendar sheet tendered with his response, albeit not part of the record on appeal, is sufficient to constitute an appealable judgment.[3]  Reluctantly, we must disagree.

---

[3] Banister describes the calendar sheet from the January 2, 2019, hearing as a docket sheet, which is incorrect.  This Court has reviewed the docket from the district court file that is part of the record on appeal, and there is no docket entry for Banister's judgment of conviction on January 2, 2019, as required by Kentucky Rules of Criminal Procedure (RCr) 11.04.  *See* Kentucky Rules of Civil Procedure (CR) 79.01(1).  District judges are permitted to enter calendar orders under RCr 11.04(4), provided the order or judgment is entered by the clerk.  RCr 11.04(3).  *See also* CR 79.03.

In Kentucky, a criminal appeal must be based upon a written judgment, not an oral sentencing. *Milam v. Commonwealth*, 593 S.W.3d 68, 71 (Ky. App. 2020). While the district court included complete Kentucky Rules of Civil Procedure (CR) 54.02 language in the November 26, 2018, order denying the motion to suppress, such order is inherently interlocutory and not final. *Parker v. Commonwealth*, 440 S.W.3d 381, 383 (Ky. 2014). And Kentucky Revised Statutes (KRS) 22A.020(4) allows only the Commonwealth a statutory right to directly appeal suppression orders. *Ballard v. Commonwealth*, 320 S.W.3d 69, 71 (Ky. 2010). In the circuit court's Opinion Affirming, the court mistakenly assumed the November 26, 2018, Order was the actual order on appeal. In a criminal action, a final and appealable judgment is generally a judgment adjudicating the guilt or innocence of the charged offenses and, if necessary, sentencing defendant. *Id.* at 71. Such final judgment must be written and entered into the record. *Kindred Nursing Ctrs. Ltd. P'ship v. Sloan*, 329 S.W.3d 347, 349 (Ky. App. 2010); *Milam*, 593 S.W.3d at 71.

In order to invoke the appellate jurisdiction of the circuit court, the appeal from the district court must be from a final judgment of conviction under Kentucky Rules of Criminal Procedure (RCr) 11.04(1). KRS 23A.080. The Kentucky Supreme Court refers to this as the necessary "appellate jurisdiction" for the circuit court to hear an appeal from the district court. *Dillard v.*

-4-

*Commonwealth*, 475 S.W.3d 594, 596 (Ky. 2015). The circuit court must determine initially whether the order or judgment on appeal is in fact "final." *Id.* at 596. In this case, the circuit court clearly states in its opinion that the order on appeal was the November 26, 2018, Order, which as we previously noted was interlocutory and not final. The circuit court does not reference a January 2, 2019, order of conviction because one was not entered in the record in this case.[4] In *Dillard*, 475 S.W.3d 594, the Supreme Court noted that the emphasis must be on "final" and that in both civil and criminal cases, finality is assessed under CR 54.01.[5]

There being no final order or judgment of conviction, the circuit court did not have appellate jurisdiction to consider the appeal in this case. Effectively, the circuit court's appellate jurisdiction equates to subject matter jurisdiction, and may not be waived.[6] There being no subject matter jurisdiction to consider the

---

[4] The "Order of Probation/Conditional Discharge" tendered by Banister was signed by the district judge at the January 2, 2019, hearing. That order sentenced Banister to twelve months in jail, to be probated for two years after Banister served thirty days. The judge clearly acknowledges on the hearing video record (VR) that the order was signed in error and she can be clearly seen whiting out her signature with an "X." She also states on the record that the order was going to have "to be redone." VR, 9:37:10. No order adjudicating guilt was subsequently entered in the court record by the judge.

[5] Pursuant to RCr 13.04, the Rules of Civil Procedure are applicable in criminal proceedings "to the extent not superseded by or inconsistent with these Rules of Criminal Procedure." CR 54.01 is applicable in criminal proceedings. *Commonwealth v. Taylor*, 945 S.W.2d 420, 422 (Ky. 1997).

[6] A defect in subject matter jurisdiction may be raised by the parties or a court, *sua sponte*, at any time during the proceedings, including on appeal, and cannot be waived. *Commonwealth Health*

appeal, the circuit court's opinion is void *ab initio*. *Commonwealth Health Corp. v. Croslin*, 920 S.W.2d 46, 48 (Ky. 1996). In other words, the opinion is a legal nullity. *Foremost Ins. Co. v. Whitaker*, 892 S.W.2d 607, 610 (Ky. App. 1995).

Under this circumstance, we have no alternative nor discretion but to dismiss the appeal.

For the foregoing reasons, Appeal No. 2019-CA-0892-DG is hereby DISMISSED as being taken from a void opinion rendered by the circuit court.

ALL CONCUR.


ENTERED: _____          _____
                                                    JUDGE, COURT OF APPEALS




BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE :

Larry D. Ashlock                         Daniel Cameron
Elizabethtown, Kentucky           Attorney General of Kentucky
                                                Frankfort, Kentucky

                                                Kristin L. Conder
                                                Assistant Attorney General
                                                Frankfort, Kentucky

---

*Corporation v. Croslin*, 920 S.W.2d 46, 47 (Ky. 1996). Likewise, the parties may not confer jurisdiction by consent. *Stanley v. C & R Asphalt, LLC*, 396 S.W.3d 924, 926 (Ky. App. 2013).