RENDERED:  MAY 27, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0875-MR

JAMES FLENNER                                                APPELLANT

v.                APPEAL FROM MADISON CIRCUIT COURT
                  HONORABLE COLE A. MAIER, JUDGE
                  ACTION NO. 17-CR-00601

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, TAYLOR, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  James Flenner appeals from an order of the Madison

Circuit Court which denied his motion for probation.  We find no error and affirm.

**FACTS AND PROCEDURAL HISTORY**

On April 5, 2018, Appellant pleaded guilty to multiple criminal counts

revolving around him sexually abusing his two minor sisters.  Appellant had been

abusing his sisters for a year-long period starting when he was 15 years old.[1]

Pursuant to the guilty plea, the Commonwealth recommended a sentence of fifteen

years in prison. On June 7, 2018, the trial court sentenced Appellant in accordance

with the Commonwealth's recommendation.

Appellant's eighteenth birthday was the following week; therefore, he

requested that he remain with the Department of Juvenile Justice (DJJ) pursuant to

Kentucky Revised Statutes (KRS) 640.030(2)(b), which allows youthful offenders

to remain with the DJJ after their eighteenth birthday in order to complete

treatment programs. Later, Appellant filed another motion requesting to remain

with the DJJ until he turned twenty-one years old. This is allowed pursuant to

KRS 640.075(1). The trial court granted this motion.

On May 19, 2021, one month before his twenty-first birthday,

Appellant filed a motion for probation. KRS 640.075(4) allows for such a

probation request. On June 28, 2021, a hearing was held on Appellant's motion for

probation. Numerous witnesses testified, including his sisters. Both sisters

testified that they did not want to live with Appellant, but that they wanted him

released from prison.

At the conclusion of the hearing, the trial court denied the motion for

probation. The trial judge discussed the evidence presented and the relevant

---

[1] Appellant was being prosecuted as a youthful offender.

probation statutes. The trial judge believed that because Appellant's crime was especially heinous, granting him probation would unduly depreciate the seriousness of Appellant's crimes. An order was later entered and this appeal followed.

## ANALYSIS

We review a trial court's probation determination under the abuse of discretion standard. *Howard v. Commonwealth*, 496 S.W.3d 471, 475 (Ky. 2016). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). KRS 533.010(2) describes what a trial court should consider when determining whether to probate an offender. KRS 533.010(2) states:

> Before imposition of a sentence of imprisonment, the court shall consider probation, probation with an alternative sentencing plan, or conditional discharge. Unless the defendant is a violent felon as defined in KRS 439.3401 or a statute prohibits probation, shock probation, or conditional discharge, after due consideration of the defendant's risk and needs assessment, nature and circumstances of the crime, and the history, character, and condition of the defendant, probation or conditional discharge shall be granted, unless the court is of the opinion that imprisonment is necessary for protection of the public because:
>
> (a) There is substantial risk that during a period of probation or conditional discharge the defendant will commit another crime;

(b) The defendant is in need of correctional treatment that can be provided most effectively by his commitment to a correctional institution; or

(c) A disposition under this chapter will unduly depreciate the seriousness of the defendant's crime.

With the standard of review in mind and the relevant statute cited, we now turn to Appellant's first argument on appeal. Appellant argues that the trial court erred in denying his motion for probation because the victims of his crimes supported probation. Appellant argues that granting him probation would not unduly depreciate the seriousness of his crimes because his sisters wanted him released from prison. In addition, Appellant claims that the four years of treatment with the DJJ should weigh in favor of granting probation.

We find no error in the denial of Appellant's motion for probation. At the end of the probation hearing, the trial judge discussed KRS 533.010(2) and each of the three factors in that statute. While the trial judge congratulated Appellant for availing himself of the programs offered by the DJJ, she concluded that his crimes were too serious to grant him probation. "[T]he record clearly reflects that the trial court thoughtfully evaluated both the defendant's character and condition and the nature and circumstances of the crime he committed. . . . The decision to remand Appellant to the Department of Corrections was thoughtfully made and in no way arbitrary." *Johnson v. Commonwealth*, 967 S.W.2d 12, 15-16 (Ky. 1998).

Appellant committed serious crimes against his sisters. The trial court took into consideration his age at the time of the crimes, his actions toward rehabilitation while with the DJJ, and the feelings of his sisters. Yes, the sisters did say that their brother should be granted probation, but they also stated that they did not feel comfortable living with him. The crimes Appellant committed were not just serious as they relate to his sisters, but were serious crimes against society as a whole. The trial court did not abuse its discretion in denying Appellant's motion for probation.[2]

Appellant's second argument on appeal is that the trial court should have given considerable weight to Section 26A of the Kentucky Constitution, also known as Marsy's Law. KY. CONST. § 26A is a victims' rights law that gives victims of crime certain rights. Generally, it allows crime victims to be kept informed of criminal proceedings and be given certain information regarding the person accused of committing the crime against them. Appellant argues that because Marsy's Law gives victims of crimes additional rights regarding the criminal process, the requests of victims should be given extra weight. As it pertains to this case, Appellant argues that because of Marsy's Law, the trial court

---

[2] The Commonwealth argues that Appellant was not eligible for probation due to the nature of his crimes. The trial court held that Appellant was eligible to be considered for probation and the Commonwealth did not appeal that holding. We will not address this argument.

should have granted Appellant's motion for probation because his sisters requested that he be let out of prison.

This argument has no merit. Marsy's Law does not require a trial court to defer to the wants of crime victims. Here, the trial court heard the testimony of Appellant's sisters and considered what they had to say. Nothing more is required.

Finally, Appellant makes a general argument that denying Appellant probation violates a few sections of the Kentucky Constitution and United States Constitution. Appellant does not discuss this claim in any detail; therefore, we will not address it. "It is not our function as an appellate court to research and construct a party's legal arguments. We will not search the record to construct [Appellant's] argument for him, nor will we go on a fishing expedition to find support for his underdeveloped arguments." *Prescott v. Commonwealth*, 572 S.W.3d 913, 923 (Ky. App. 2019) (citation and quotation marks omitted).

## <u>CONCLUSION</u>

Based on the foregoing, we affirm the judgment of the trial court. The court did not abuse its discretion in denying Appellant's motion for probation.

TAYLOR, JUDGE, CONCURS.

CALDWELL, JUDGE, CONCURS IN RESULT ONLY AND FILES SEPARATE OPINION.

CALDWELL, JUDGE, CONCURRING:  I agree with the result of affirming the trial court.  However, I believe it is necessary to discuss the implications of Kentucky Revised Statute (KRS) 532.045 and *Commonwealth v. Taylor*, 945 S.W.2d 420 (Ky. 1997), to this case.

The Commonwealth argues that Appellant is not eligible for probation as his conviction falls under the purview of KRS 532.045(2), making him ineligible. Appellant argues that the Commonwealth failed to raise this argument to the trial court and, therefore, is precluded from arguing it on appeal.  However, under certain circumstances, this Court will consider issues not raised.  "When the facts reveal a fundamental basis for decision not presented by the parties, it is our duty to address the issue to avoid a misleading application of the law." *Mitchell v. Hadl*, 816 S.W.2d 183, 185 (Ky. 1991).  I believe this to be the case here.

Kentucky precedent holds that youthful offenders who satisfy the criteria of KRS 532.045(2) may not be granted probation at an age-eighteen hearing, even though KRS 640.030 lists probation as a dispositional alternative at those hearings.  *Taylor*, *supra*.  Therefore, I would affirm the trial court's denial of Appellant's KRS 640.075(4) motion for reconsideration of probation.

Appellant argues that the holding in *Commonwealth v. Merriman*, 265 S.W.3d 196 (Ky. 2008), should prevail. Appellant also correctly points out that a challenge to *Taylor* is currently pending in our Supreme Court in *Bloyer v. Commonwealth*, No. 2020-SC-0473-DG.

*Merriman* involved whether the Violent Offender Statute, KRS 439.3401, applied to youthful offenders. *Taylor* specifically addresses whether a youthful offender was barred from consideration for probation pursuant to KRS 532.045(2) and held that he was. *Taylor* is on point and I believe must be followed, including in the case at hand, unless and until specifically overturned by our Supreme Court.


BRIEFS FOR APPELLANT:

Laura A. Karem
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Aspen Roberts
Assistant Attorney General
Frankfort, Kentucky