RENDERED: SEPTEMBER 30, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0099-MR

BOONE DEVELOPMENT, LLC
AND VIA VITAE
DEVELOPMENT, LLC, D/B/A
JAMES MONROE HOMES                                             APPELLANTS


                    APPEAL FROM JESSAMINE CIRCUIT COURT
v.            HONORABLE C. HUNTER DAUGHERTY, JUDGE
                    ACTION NO. 20-CI-00494


NICHOLASVILLE BOARD OF ADJUSTMENT;
ALEX LYTTLE, MEMBER;
COMMONWEALTH OF KENTUCKY, EX REL.
DANIEL CAMERON, ATTORNEY GENERAL;
HAROLD E. SMITH, ACTING CHAIRMAN;
JENNIFER CARPENTER, MEMBER;
JIM PARSONS, MEMBER;
JIMMY WELLS, MEMBER;
MICHAEL EAKINS, IN HIS OFFICIAL
CAPACITY AS INTERIM/ACTING PLANNING
DIRECTOR/ADMINISTRATIVE OFFICER
FOR THE CITY OF NICHOLASVILLE PLANNING COMMISSION;
PAULA ELDER, MEMBER;
TANYA BOLTON, MEMBER;
THE CITY OF NICHOLASVILLE PLANNING COMMISSION;
TIM CROSS, IN HIS INDIVIDUAL CAPACITY
AND IN HIS OFFICIAL CAPACITY

AS ENGINEER FOR THE CITY OF NICHOLASVILLE PLANNING
COMMISSION; AND
WM. WAYNE HADEN, MEMBER                                    APPELLEES


AND                            NO. 2021-CA-0150-MR


HAROLD SMITH (AKA HAROLD E. SMITH),
IN HIS OFFICIAL CAPACITY AS A MEMBER
OF THE NICHOLASVILLE BOARD OF ADJUSTMENT;
ALEX LYTTLE, IN HIS OFFICIAL CAPACITY AS
A MEMBER OF THE NICHOLASVILLE BOARD
OF ADJUSTMENT; JENNIFER CARPENTER, IN
HER OFFICIAL CAPACITY AS A MEMBER OF
THE NICHOLASVILLE BOARD OF ADJUSTMENT;
JIM PARSONS, IN HIS OFFICIAL CAPACITY AS
A MEMBER OF THE NICHOLASVILLE BOARD
OF ADJUSTMENT; JIMMY WELLS, IN HIS
OFFICIAL CAPACITY AS A MEMBER OF THE
NICHOLASVILLE BOARD OF ADJUSTMENT;
MICHAEL EAKINS, IN HIS OFFICIAL CAPACITY;
NICHOLASVILLE BOARD OF ADJUSTMENT;
PAULA ELDER, IN HER OFFICIAL CAPACITY
AS A MEMBER OF THE NICHOLASVILLE
BOARD OF ADJUSTMENT; TANYA BOLTON,
IN HER OFFICIAL CAPACITY AS A MEMBER
OF THE NICHOLASVILLE BOARD OF
ADJUSTMENT; THE CITY OF NICHOLASVILLE
PLANNING COMMISSION; TIM CROSS, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITIES;
AND WM. WAYNE HADEN, IN HIS OFFICIAL
CAPACITY AS A MEMBER OF THE
NICHOLASVILLE BOARD OF ADJUSTMENT        CROSS-APPELLANTS



                CROSS-APPEAL FROM JESSAMINE CIRCUIT COURT
v.            HONORABLE C. HUNTER DAUGHERTY, JUDGE
                    ACTION NO. 20-CI-00494


-2-

BOONE DEVELOPMENT, LLC AND
VIA VITAE DEVELOPMENT, LLC, D/B/A
JAMES MONROE HOMES                    CROSS-APPELLEES


OPINION AND ORDER
REMANDING APPEAL AND CROSS-APPEAL

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

CLAYTON, CHIEF JUDGE:  Appellants appeal from the Jessamine Circuit

Court's opinion and judgment affirming the Nicholasville Board of Adjustment's

decision to uphold the Nicholasville Planning Commission's (the "Planning

Commission") decision to require Boone Development, LLC ("Boone") to

construct and pay for a stream crossing between two parcels of land located in

Nicholasville, Kentucky.

Additionally, Appellees have filed a cross-appeal, arguing primarily

that the circuit court lacked jurisdiction over the appeal because Appellants failed

to properly issue summons in good faith within the thirty-day appeal time outlined

in Kentucky Revised Statute ("KRS") 100.347(1).

For the following reasons, we ORDER this case to be remanded with

instructions to the circuit court to conduct a hearing as described in KRS

100.3471(3) and our Opinion in appeal No. 2021-CA-0411-MR.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying dispute in this appeal is a land-use issue between a property developer – Boone – and the Nicholasville Board of Adjustment ("the Board"). After the Jessamine Circuit Court issued a final decision in favor of the Board, Boone appealed to this Court under KRS 100.347, and the Board cross-appealed.

Boone filed its notice of appeal with this Court on the merits of the underlying land-use dispute on January 15, 2021. Thereafter, the Board filed a motion on February 4, 2021, under KRS 100.3471, asking the circuit court to require an appeal bond from Boone. Boone opposed that motion via a motion filed on February 9, 2021, arguing that KRS 100.3471 was unconstitutional. The Attorney General intervened on behalf of the Commonwealth to defend the statute's constitutionality. Ultimately, the Jessamine Circuit Court agreed with Boone and declared the statute unconstitutional in an order entered on April 2, 2021. The Court consolidated this appeal with several other appeals challenging the constitutionality of KRS 100.3471.

We will discuss further facts as they become relevant to this Opinion and Order.

## ANALYSIS

While none of the briefs in this appeal and cross-appeal addressed the constitutionality of KRS 100.3471, the issue was before us in the other consolidated appeals and is determinative in this action. In planning and zoning matters, KRS 100.347 provides for appeals to the circuit court from the final actions of the board of adjustment, the planning commission, or the legislative body of any city, county, or consolidated local government. However, KRS 100.3471 seeks to limit the subsequent appeals of such cases to the Court of Appeals by requiring an appellant to post a bond if the appellee requests.

For reasons discussed in our Opinion in appeal No. 2021-CA-0411-MR, we find the statute constitutional. Particularly, we found that, in enacting KRS 100.3471, the General Assembly utilized its authority to prescribe this Court's appellate jurisdiction. By stating that an "appeal *shall* be dismissed" if the appellant fails to post the necessary bond within the appropriate time, KRS 100.3471 removes such an appeal from the Court of Appeals' jurisdiction. Stated another way, KRS 100.3471 provides that the Court of Appeals' jurisdiction only encompasses appeals in which the appellant timely posts the required bond.

However, as stated by our Supreme Court, "[s]ubject matter jurisdiction issues are different than other issues because they may be raised at any time, even by the court itself. . . . *They are all the more important when*

*established so clearly by statute.*" *Kentucky Employers Mut. Ins. v. Coleman*, 236 S.W.3d 9, 15 (Ky. 2007) (emphasis added) (citing *Commonwealth Health Corp. v. Croslin*, 920 S.W.2d 46, 48 (Ky. 1996) (discussing the Court's "inherent power" to raise *sua sponte* the issue of subject matter jurisdiction)).

If a court does not have subject matter jurisdiction, it has "not been given any power to do anything at all in such a case[.]" *Duncan v. O'Nan*, 451 S.W.2d 626, 631 (Ky. 1970) (citation omitted). Therefore, "[u]tilizing our inherent power to do so," we may review for lack of subject matter jurisdiction even if Appellees failed to appeal from the circuit court's order regarding the statute's constitutionality. *Croslin*, 920 S.W.2d at 48 (citation omitted).

## CONCLUSION

We hereby ORDER that this appeal and cross-appeal be REMANDED with instructions to the circuit court to conduct a hearing as described in KRS 100.3471(3) and our Opinion in appeal No. 2021-CA-0411-MR.

ALL CONCUR.

ENTERED:  September 30, 2022___          _____
                                                         CHIEF JUDGE, COURT OF APPEALS

-6-

BRIEFS FOR APPELLANTS/CROSS-APPELLEES:

Carroll M. Redford, III
Elizabeth C. Woodford
Lexington, Kentucky

ORAL ARGUMENT FOR APPELLANTS/CROSS-APPELLEES:

Carroll M. Redford, III
Lexington, Kentucky

BRIEFS FOR APPELLEES/CROSS-APPELLANTS:

Bruce E. Smith
Nicholasville, Kentucky

ORAL ARGUMENT FOR APPELLEES/CROSS-APPELLANTS:

Bruce E. Smith
Darren T. Sammons
Nicholasville, Kentucky