# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: APRIL 24, 2025
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0534-MR

MICHAEL S. MONTGOMERY                                              APPELLANT


V.
ON APPEAL FROM GRAVES CIRCUIT COURT
HONORABLE KEVIN D. BISHOP, JUDGE
NO. 21-CR-00170


COMMONWEALTH OF KENTUCKY                                            APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

This case is before the Court as a matter of right from Graves Circuit Court upon the Appellant's, Michael Montgomery, conviction for fourteen counts of various sexual offenses against a minor, including two counts of third-degree rape and four counts of third-degree sodomy. He was sentenced to twenty-three years in prison as part of a plea deal. Montgomery makes only one argument before this Court: the trial court abused its discretion in sentencing him to twenty-three years in prison by failing to consider the full penalty range. We discern no abuse of discretion. Montgomery's sentence is affirmed.

Montgomery was investigated in McCracken County for offenses against a minor, fourteen years of age. During that investigation, law enforcement discovered he also had sexual relations with another minor also fourteen years of age in Graves County. The charges in Graves County and two additional

cases in McCracken County were mediated for a universal resolution. In return for a guilty plea, Montgomery would receive a total of twenty-three years in prison for the Graves County charges, which would run consecutively to a ten-year term of imprisonment for the McCracken County charges. Only the Graves County sentence is before this Court.

Montgomery concedes he engaged in a plea colloquy with the trial court, affirming that he was neither under the influence of drugs, alcohol, nor had any mental issues. He affirmed he was not coerced into making a plea deal. He concedes the trial court read through each charge and the potential sentencing range for each, and that he had discussed these charges with counsel prior to entering his guilty plea. He concedes the trial court discussed his rights to a jury trial, his right to appeal, and other various rights implicated by a guilty plea. He concedes he affirmed he understood these rights and that his guilty plea waived them. He concedes he then pled guilty to each individual count as the trial court read them.

At the sentencing hearing and in a letter to the trial court, Montgomery made statements disclosing he is a victim of domestic violence and sexual abuse as a minor and otherwise insisting that his female victims had the capacity to consent to sexual activity. He requested leniency from the trial court upon the belief that his negotiated sentence was in fact too harsh given his age (23), lack of criminal history, and experiences in childhood. Montgomery never made a motion to withdraw his plea agreement. The trial court acknowledged Montgomery's unfortunate upbringing but stated that was

2

no excuse for his criminal actions as an adult. The trial court then made statements regarding its consideration of the Pre-Sentence Investigation Report (PSI), sexual offender evaluation, and risk assessment of Montgomery. The trial court sentenced Montgomery according to the terms of the plea agreement.

Montgomery now argues it is an abuse of discretion for a trial court to sentence a person in accordance with a plea agreement without consideration of other factors, citing *Knox v. Commonwealth,* 361 S.W.3d 891 (Ky. 2012). The Commonwealth responds that this case is controlled by *Hayes v. Commonwealth,* in which this Court held receiving a statutorily allowed sentence after entering an open guilty plea is not an appealable issue, or at the very least does not constitute an abuse of discretion. 627 S.W.3d 857, 861 (Ky. 2021). Neither is correct. *Knox* is distinguishable because it dealt with the trial court's imposition of a hammer clause after alleged violations of the terms of home incarceration prior to final sentencing. 361 S.W.3d at 894-95. *Hayes* is distinguishable because it involved an open plea deal in a capital case, which means the defendant accepted a guilty plea in hopes of avoiding the death penalty but without any promise by the Commonwealth to make a specific sentencing recommendation. 627 S.W.3d at 859.

There is a limited range of appealable issues once a guilty plea has been entered and accepted: competency to enter the plea; subject matter jurisdiction and whether the indictment charged a criminal offense; compliance with *Boykin v. Alabama,* 395 U.S. 238 (1969); and sentencing issues. *Windsor v. Commonwealth,* 250 S.W.3d 306, 307 (Ky. 2008). The definitive statement from

3

this Court on what issues may be appealed from a conditional guilty plea is found in *Dickerson v. Commonwealth*, wherein we stated,

> we will consider issues on appeal from a conditional guilty plea only if those issues: (1) involve a claim that the indictment did not charge an offense or the sentence imposed by the trial court was manifestly infirm, or (2) the issues upon which appellate review are sought were expressly set forth in the conditional plea documents or in a colloquy with the trial court, or (3) if the issues upon which appellate review is sought were brought to the trial court's attention before the entry of the conditional guilty plea even if the issues are not specifically reiterated in the guilty plea documents or plea colloquy.

278 S.W.3d 145, 149 (Ky. 2009). The second class of issues has been clarified as "those issues that were specifically preserved in the guilty plea[.]" *Buster v. Commonwealth*, 364 S.W.3d 157, 161 (Ky. 2012). An archetypal example of this class is a conditional guilty plea which includes a right to appeal a denial of a motion to suppress. *See Dillard v. Commonwealth*, 475 S.W.3d 594, 597-98 (Ky. 2015). There is no reservation of a right to appeal in Montgomery's guilty plea therefore this second class is inapplicable.

Neither is the first class applicable. Montgomery's sentence is not manifestly infirm as it is within the statutorily authorized sentencing range. For the two counts of rape in the third-degree, he was eligible for a total of ten-years' imprisonment. KRS 510.060(2); KRS 532.060(2)(d). For the four counts of sodomy in the third degree, he was eligible for a total of four-years' imprisonment. KRS 510.100(3); KRS 532.090(1). For the count of use of a minor in a sexual performance, given the age of the victim at the time of the offense, it is a Class B felony. KRS 531.310(2). Therefore, Montgomery was

eligible for a maximum of twenty years' imprisonment. KRS 532.060(2)(b). At this point, consecutive sentences would exceed the sentence Montgomery received by eleven years. Still more, Montgomery pled guilty to six counts of unlawful transaction with a minor in the first degree, a Class B felony based on the victim's age. KRS 532.064(2)(b). Therefore, had the trial court attempted to impose consecutive sentences the statutory cap would have been triggered at 70 years' imprisonment. KRS 532.110(1)(c)2. Thus, Montgomery's negotiated sentence is quite lenient compared to what he might have gotten from a harsher judge or a jury and is manifestly within the statutorily authorized resentencing range. It does not present an appealable issue under the first class of cases according to *Dickerson*.

Therefore, the only basis we perceive to allow this appeal is the third class delineated in *Dickerson*, because Montgomery did request leniency from the trial judge prior to sentencing on the basis of age, childhood experiences, and lack of criminal history. This is reviewed for an abuse of discretion. *Howard v. Commonwealth*, 496 S.W.3d 471, 475 (Ky. 2016). Under this standard, a trial court has authority to make one of many within a permissible range of decisions. *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004).

The trial court considered the PSI report, the sexual offender evaluation, and risk assessment. Although Montgomery told the trial court he was abused as child, the trial court ruled that was not an excuse for his own actions as an adult. Some trial judges might give this fact (assuming it is a fact) more weight in mitigating a sentence. There seems to be a general belief in society that past

5

traumatic experiences can have a profound impact upon the victim. But there is seemingly an equally prevalent belief that a person can overcome their past experiences, be the better for it, and otherwise be a law-abiding member of society. It is not for this Court to impose one or the other of these beliefs upon trial courts as a matter of law, "lest we erect our prejudices into legal principles." *New State Ice Co. v. Liebmann*, 285 U.S. 262, 387 (1932) (Brandeis, J., dissenting). Finally, that Montgomery was only 23 years old at the time of the offenses and had previously not engaged in criminal conduct are indeed factors a trial judge might consider in mitigation. But given the fact Montgomery was eligible to receive seventy years' imprisonment, it is certainly not an abuse of discretion for a trial judge to consider, albeit implicitly, that the negotiated sentence of twenty-three years imprisonment is sufficiently lenient. The trial court did not abuse its discretion. Montgomery's sentence is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Sarah D. Dailey
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Christopher Henry
Assistant Attorney General

6